UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CPL. DANA L. BROUSSARD                    CIVIL ACTION NO: 6:13-cv-02872

VERSUS                                    JUDGE REBECCA F. DOHERTY

LAFAYETTE CITY-PARISH CONSOLIDATED
GOVERNMENT, ET AL                         MAGISTRATE JUDGE PATRICK J. HANNA
**********************************************************************

<u>MEMORANDUM IN SUPPORT OF</u>
<u>MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(5) AND RULE 12(b)(6)</u>
<u>AND ALTERNATIVE MOTION FOR SUMMARY JUDGMENT</u>

Defendants present the Memorandum in support of the foregoing Motion to Dismiss and

Alternative Motion for Summary Judgment as follows:

**<u>TABLE OF CONTENTS</u>**

I.    TABLE OF AUTHORITIES ...............................................................iii

II.   BROUSSARD'S CLAIMS ............................................................... 1

III.  MOTION TO DISMISS UNDER 12(b)(5)—LAW & ARGUMENT ............... 4

      A. Law Applicable to Rule 12(b)(5) ................................................ 4
      B. Plaintiff failed to timely serve Defendants. ................................... 4
      C. Plaintiff failed to properly serve Defendants, CAO Stanley, Chief Craft,
         Retired Major Alfred, Captain Montgomery, Retired Major Head, and Mr.
         Domingue, in their individual capacities. ..................................... 4

IV.   MOTION TO DISMISS UNDER 12(b)(6)—LAW & ARGUMENT ............... 6

      A. Law Applicable to Rule 12(b)(6) ................................................ 6
      B. Plaintiff failed to state a claim against Lt. Rees who passed away in May
         2013.................................................................................. 6
      C. Plaintiff failed to state any claim against President Durel, CAO Stanley,
         Mr. Domingue, Retired Major Alfred, Retired Major Head, and Lt. Rees.... 7
      D. Plaintiff failed to state any claim against Defendants named officially. ....... 8
      E. Plaintiff failed to state a claim under 42 U.S.C. §1983 for First
         Amendment violations. ............................................................ 8
      F. Plaintiff failed to state a claim under 42 U.S.C. §1983 for Fourth
         Amendment violations. ...........................................................11

G.  Plaintiff failed to state a claim under 42 U.S.C. §1983 for Fifth Amendment violations. .................................................................11

H.  Plaintiff failed to state a claim under 42 U.S.C. §1983 for Fourteenth Amendment violations. .........................................................11

I.  Plaintiff failed to state a claim under Title VII (42 U.S.C. 2000e) and La. R.S. 23:301 *et seq*. ...........................................................12

J.  Plaintiff failed to state a claim under La. R.S. 23:967 and 30:2027 (Whistleblower statutes). ..........................................................13

K.  Plaintiff failed to state a claim under Louisiana Civil Code art. 2315 and 2317......................................................................14

L.  Plaintiff failed to state a claim for punitive damages against LCG and its officials. ................................................................15

V.  ALTERNATIVE MOTION FOR SUMMARY JUDGMENT UNDER RULE 56.......................................................................16

VI.  CONCLUSION.........................................................................17

VII.  EXHIBITS FOR RULE 12(b)(5) MOTION

A.  Affidavit of Sgt. Kristen Bayard
B.  Affidavit of Kimberly Morgan Spears

VIII.  EXHIBITS FOR ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

C.  Affidavit of Terry Head
D.  Affidavit of Chief James "Jim" Craft

## TABLE OF AUTHORITIES
### *Federal Statutes*

U.S. Constitution, amend. I ................................................................................2, 9
U.S. Constitution, amend. IV ............................................................................6, 11
U.S. Constitution, amend. V .............................................................................6, 11
U.S. Constitution, amend. XIV .........................................................6, 11, 12, 13
42 U.S.C. §1983 ............................................................................................. 6, 7, 8
42 U.S.C. §2000e ............................................................................................ 6, 12
F.R.C.P. Rule 4 ......................................................................................................4
F.R.C.P. Rule 12(b) ........................................................................................ 2, 4, 6
F.R.C.P. Rule 56 ................................................................................................. 16

### *Louisiana Statutes*

La. C.C.P. art. 1231 ............................................................................................. 4
La. C.C.P. art. 2315 ........................................................................................... 14
La. C.C.P. art. 2317 ........................................................................................... 14
La. R. S. 23:301 ................................................................................................. 12
La. R. S. 23:967 ................................................................................................. 13
La. R. S. 30:2027 ............................................................................................... 13

### *Federal Jurisprudence*

*Alton v. Texas A&M University*, 168 F.3d 196 (5th Cir. 1999). ............................. 7

*Anderson v. Creighton*, 483 U.S. 635 (1987). .....................................................16

*Arnett v. Kennedy*, 416 U.S. 134 (1974). ............................................................17

*Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97 (5th Cir. 1974). .......... 6

*Banks v. East Baton Rouge Parish School Board*, 320 F.3d 570 (5th Cir. 2003). ................10

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ................................... 6

*Benningfield v. City of Houston*, 157 F.3d 369 (5th Cir. 1998). ............................10

*Bolton v. City of Dallas*, 472 F.3d 261 (5th Cir. 2006) .........................................16

*Branton v. City of Dallas*, 272 F.3d 730 (5th Cir. 2001). ..................................... 9

*Cantu v. Rocha*, 77 F.3d 795 (5th Cir. 1996) ......................................................16

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985) .................................12

*Cole v. Mammel,* 10 WL 5087817 (E.D.Tx. – Sherman 2010) ............................12

*Connick v. Myers*, 461 U.S. 138 (1983) ...............................................................17

*Douthit v. Jones*, 641 F.2d 345 (5th Cir. 1981). ................................................................. 7

*Genella v. Renaissance Media*, 115 Fed.Appx 650 (5th Cir. 2004). .....................................13

*Givs v. City of Eunice*, 06 WL 1831528 (W.D.La. 2006)......................................................15

*Guthrie v. Plains Resources, Inc.*, 13 WL 486639 (W.D.La. – Lake Charles 2013)..............5, 6

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982). ........................................................................16

*Harris v. Victoria Indep. School District*, 168 F.3d 216 (5th Cir. 1999)...............................  9

*Howell v. Town of Ball*, 12 WL 3962387 (W.D.La – Alexandria 2012). .............................  8

*Huckabee v. Moore*, 142 F.3d 233 (5th Cir. 1998). .................................................................15

*Hughes v. City of Garland*, 204 F.3d 223 (5th Cir. 2000) ......................................................12

*Hunt v. Rapides Healthcare System, LLC*, 277 F.3d 757 (5th Cir. 2001)...............................10

*Jett v. Dallas Ind. School District*, 798 F.2d 748 (5th Cir. 1986)............................................12

*Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565 (5th Cir. 1989). .................  8

*Judeh v. Louisiana State University System*, 2013 WL 654921 (E.D.La. 2013). .................  5

*Kaiser Aluminum & Chemical Sales v. Avondale Shipyard*, 677 F.2d 1045 (5th Cir. 1982)

..................................................................................................................................  6

*Lawrence v. Morris*, 10 WL 572736 (W.D. La.–Lafayette 2010). .........................................15

*Marceaux v. Lafayette City-Parish Consol. Government*, 921 F.Supp.2d 605 (W.D.La. –
    Lafayette 2013) .........................................................................  2, 3, 7, 8, 9, 11, 14

*Mathews v. Eldridge,* 424 U.S. 319 (1976).........................................................................12

*McClure v. Biesenbach*, 355 Fed.Appx. 800 (5th Cir. 2009). .................................................  6

*McCoy v. City of Shreveport*, 492 F.3d 551 (5th Cir. 2007)....................................................12

*Moore v. Otero*, 557 F.2d 435 (5th Cir. 1977).......................................................................12

*Moulton v. City of Beaumont*, 991 F.2d 227 (5th Cir. 1993). ................................................11

*Quinn v. Miller*, 470 Fed.Appx. 321 (5th Cir. 2012). ............................................................  4

*Rathjen v. Litchfield*, 878 F.2d 836 (5th Cir. 1989) ...............................................................  9

*Serna v. City of San Antonio*, 244 F.3d 479 (5th Cir. 2001). ................................................10

*Sharp v. City of Houston*, 164 F.3d 923 (5th Cir. 1999).......................................................10

*Smith v. Dooley*, 591 F.Supp. 1157 (W.D.La – Shreveport 1984).........................................  6

*Snyder v. Phelps*, 131 S.Ct. 1207 (2011). ..............................................................  9

*Soldal v. Cook County, Ill.,* 506 U.S. 56 (1992). ..................................................11

*Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257 (5th Cir. 2008). ............  8

*Strong v. University Healthcare System LLC*, 482 F.3d 802 (5th Cir. 2007). .......................13

*Victoria W. v. Larpenter*, 369 F.3d 475 (5th Cir. 2004). .........................................  8

*Wallace v. Shreve Mem. Library*, 97 F.3d 746 (5th Cir. 1996). .............................12

*Watts v. Kroger*, 170 F.3d 505 (5th Cir. 1999). ..................................................10

*Williams v. North American Van Lines of Texas, Inc*., 731 F.3d 367 (5th Cir. 2013)............16

# I.     <u>BROUSSARD'S CLAIMS</u>

Broussard, a corporal with the Lafayette Police Department, claims that she filed a complaint against a fellow officer, Sgt. Mike Brown, regarding his work hours.[1] Ultimately, she claims this complaint was sustained, Sgt. Brown was disciplined as a result thereof,[2] and Broussard was commended for bringing Sgt. Brown's alleged misconduct to the administration's attention.[3] Nevertheless, Broussard claims that Sgt. Brown filed a complaint against her for conducting an unauthorized investigation into Sgt. Brown's work hours.[4] Following an Internal Affairs investigation, Sgt. Brown's complaint was sustained and Broussard received a Letter of Reprimand, which she appealed to the Lafayette Municipal Fire and Police Civil Service Board ("the Board").[5] The Board upheld the Letter of Reprimand, finding Chief Craft acted in good faith and for cause. Broussard appealed to the Fifteenth Judicial District for the State Louisiana. The Honorable Judge Trahan affirmed on February 4, 2014, likewise finding the Board acted in good faith and for cause. (*Broussard v. Lafayette City-Parish Consolidated Government/Lafayette Police Department*, 15th Judicial District Court, Lafayette, Louisiana, Docket No. 2013-5239).

Despite the fact that her Letter of Reprimand was adjudicated as warranted, Broussard claims that on or about February 21, 2013, she was transferred to "straight nights,"[6] either because she appealed the Letter of Reprimand or because filed the complaint regarding Sgt. Brown's working hours.[7] Specifically, Broussard alleges that she was transferred from her

---

[1]     Doc. 1, ¶10-11.
[2]     Doc. 1, ¶20.
[3]     Doc. 1, ¶21-22.
[4]     Doc. 1, ¶19; 25.
[5]     Doc. 1, ¶28-30.
[6]     Doc. 1, ¶31.
[7]     See Doc. 1, ¶37 and ¶48.

position as Resource Officer in Precinct 4 of the Patrol Division, a daytime shift, to Shift C, an overnight shift.[8]

As a result of her alleged transfer, Broussard claims she filed an EEOC charge (Charge No. 461-2013-01033), after which she claims she was subject to a hostile work environment, though she "lodged generalized and specific complaints about her disparate treatment."[9] The EEOC issued her a right to sue notice on or about July 18, 2013.[10]

Broussard filed her Complaint in this Court on October 16, 2013. She attempted to serve Defendants, LCG, President Durel, and CAO Stanley, by delivering the Complaint and Summons to the LCG receptionist at 705 W. University in Lafayette. (Exhibit A—Affidavit of Kimberly Morgan Spears). She attempted to serve the remaining Defendants, individually and officially, by delivering a copy of the same documents to the LPD at 900 E. University in Lafayette. (Exhibit B—Affidavit of Sgt. Kristen Bayard). Defendants hereby object to Broussard's purported service as untimely and improper and further object as her Complaint fails to state any claim. Even should the Court find Broussard's Complaint withstands scrutiny under Rule 12(b)(6) (before or after amendment), Defendants are entitled to dismissal, with prejudice, because they are entitled to qualified immunity. As such, this Court should not provide Broussard an opportunity to amend.

The instant proceedings should be considered against the backdrop of a separate proceeding pending before this Court. In *Marceaux v. Lafayette City-Parish Consol. Government*,[11] Broussard's counsel asserted many similar claims on behalf of various former and current LCG employees against many of the same Defendants in the instant proceeding. The

---

[8]   Doc. 1, ¶32.
[9]   Doc. 1, ¶49-51.
[10]   Doc. 1, ¶57.
[11]   See *Marceaux v. Lafayette City-Parish Consol. Government*, 921 F.Supp.2d 605 (W.D.La. – Lafayette 2013), Magistrate Judge Hanna's Report and Recommendations on Defendants' Motion to Dismiss under Rule 12(b)(6). The Honorable Judge Haik adopted same as order of the Court. Essentially, the Court dismissed 9 of 15 plaintiffs, 8 of 12 defendants, and the vast majority of their claims.

majority of those claims were dismissed for lack of sufficient factual allegations. Pursuant to that holding, this Court issued a comprehensive, 73-page analysis of many claims which have also been asserted in this litigation. As will be detailed throughout this Motion, in some instances Plaintiff's counsel clearly ignored clear guidance from this Court and asserted claims on behalf of Broussard with no factual or legal basis, conduct deemed sanctionable by this Court in the *Marceaux* proceedings.[12]

---

[12] See *Marceaux v. Lafayette-City Parish Consolidated Government*, 6:12-cv-01532, Doc. 130, Magistrate Judge Hanna's Report and Recommendations granting in part and denying in part the City Defendants' (represented by undersigned counsel) Motion for Sanctions. The Honorable Judge Haik has not yet issued a judgment.

## II.   MOTION TO DISMISS PURUSANT TO RULE 12(b)(5)
## LAW & ARGUMENT

### A.  Law Applicable to Motions under Rule 12(b)(5).

A motion to dismiss under Rule 12(b)(5) turns on the legal sufficiency of service of process.[13] Once the opposing party has objected, it is the serving party's burden of proof to show that service is proper.[14] Because Defendants object to the validity of service on individual Defendants, it is Broussard's burden to show that service was proper. Broussard cannot overcome the City's challenge.

### B.  Plaintiff failed to timely serve Defendants.

F.R.C.P. Rule 4(m) requires the plaintiff to serve a defendant within 120 days of filing her complaint.  Broussard filed her Complaint on October 16, 2013,[15] but did not attempt service until February 20, 2014, 127 days later.[16] As discussed below, Plaintiff did not properly serve most Defendants. As such, Broussard's complaint should be dismissed. Although the appropriate court action would be dismissal without prejudice and a specified time within which Broussard may accomplish service, in this case, Broussard's case should be dismissed, with prejudice, for the reasons discussed below.

### C.  Plaintiff failed to properly serve Defendants, CAO Stanley, Chief Craft, Retired Major Alfred, Capt. Montgomery, Retired Major Head, and Mr. Domingue, in their individual capacities.

Under, F.R.C.P. Rule 4(e), an individual may be served in any of the following manners:

1) According to state law for serving a summons in a state court action;
   a. In Louisiana, service may be either personal (delivered to the individual) or domiciliary (delivered to the individual's home).[17]
2) Delivering a copy of the summons and complaint to the individual personally;

---

[13]  *Quinn v. Miller*, 470 Fed.Appx. 321, 323 (5th Cir. 2012).
[14]  *Id*.
[15]  Doc. 1.
[16]  Exhibits A & B. See also Rec. 3—Reissuance of Summons on 2/18/14.
[17]  La. C.C.P. art. 1231.

3) Leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

4) Delivering a copy of each to an agent authorized by appointment or law to receive service of process.

Broussard attempted to serve CAO Stanley, individually, on or about February 20, 2014, when a courier hand delivered copies of the Complaint and Summons to the LCG receptionist at 705 E. University. (Exhibit A—Affidavit of Kimberly Morgan Spears). Broussard also attempted to serve Chief Craft, Retired Major Alfred, Retired Major Head, Capt. Montgomery, and Lt. Rees (deceased) by hand delivering a copy of the same documents to the LPD at 900 E. University. (Exhibit B—Affidavit of Sgt. Kristen Bayard.) Delivery of the Complaint and Summons to the receptionist does not comply with the above-listed methods of service on individuals. This is especially true for Defendants Retired Majors Alfred and Head, who are no longer employed with LCG/LPD, and Mr. Domingue, who works at the LCG offices at 705 E. University in Lafayette (with purported service at LPD at 900 E. University). Likewise, Broussard's purported service on Lt. Rees (who is deceased and thus both incapable of being served,[18] and an improper party defendant, as addressed below) was inappropriate.

Broussard may claim that because these Defendants were also named officially, service on an employee of suitable age and discretion at LCG/LPD was proper; however, a defendant must be properly served in both official and individual capacities.[19] As such, Broussard's claims against CAO Stanley, Chief Craft, Retired Major Alfred, Retired Major Head, Capt. Montgomery, Lt. Rees, and Mr. Domingue must be dismissed for lack of proper service.

---

[18]   *Guthrie v. Plains Resources, Inc.*, 13 WL 486639, fn. 17 (W.D.La. – Lake Charles 2013).

[19]   *Judeh v. Louisiana State University System*, 2013 WL 654921, p.3 (E.D.La. 2013).

### III.   MOTION TO DISMISS UNDER RULE 12(b)(6)
### LAW & ARGUMENT

#### A.  Law Applicable to Motions Under Rule 12(b)(6)

Broussard asserts claims pursuant to 42 U.S.C. §1983, the Fourth Amendment, the Fifth Amendment, the Fourteenth Amendment, Title VII (42 U.S.C. 2000e), and various state laws; however, her factual allegations do not support these claims, justifying the instant Motion to Dismiss. To withstand a F.R.C.P. Rule 12(b)(6) Motion to Dismiss, Broussard's allegations must "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."[20] In other words, the court must determine whether the plaintiffs have stated a claim, construing the factual allegations as true and in a light most favorable to the plaintiff.[21] Conclusory allegations and unwarranted deductions of fact are not accepted as true.[22] Similarly, the Court should not accept as true a legal conclusion couched as a factual allegation.[23] As set forth in detail below, the facts as alleged in the Broussard's Complaint do not support her various claims, which should thus be dismissed.

#### B.  Plaintiff failed to state a claim against Lt. Rees, who passed away in May 2013.

The Court may take judicial notice that Lt. Rees passed away in May 2013.[24] Whether a deceased person is subject to suit is adjudicated according to Louisiana law.[25] La. C.C.P. art. 784 provides that a legal action does not abate upon a party's death. Rather, the proper party is the decedent's estate representative.[26] As such, Lt. Rees is an improper defendant, and Broussard's claims against him should be dismissed.

---

[20] *McClure v. Biesenbach*, 355 Fed.Appx. 800, 803 (5th Cir. 2009).
[21] *Id.*
[22] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyard*, 677 F.2d 1045, 1050 (5th Cir. 1982), citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974).
[23] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[24] See *Smith v. Dooley*, 591 F.Supp. 1157, 1166 (W.D.La – Shreveport 1984).
[25] *Id.*
[26] *Guthrie, supra.*

**C.  Plaintiff failed to state any claim against President Durel, CAO Stanley, and Domingue.**

City officials cannot be vicariously liable for the acts of their subordinates under §1983.[27] Rather, a city official's liability arises only if he was directly involved in the alleged constitutional violation or if there is some causal connection between the official's act and the alleged violation.[28] Broussard makes **no factual allegations whatsoever** against President Durel, CAO Stanley, or Mr. Domingue. Her conclusory allegations do not suffice. These claims should be dismissed. Indeed, Broussard should voluntarily dismiss these Defendants, or otherwise respond to allegations that she had no intent in naming these individuals as Defendants other than as pure harassment.[29]

The only factual allegations with regard to Retired Major Alfred are that 1) he received information from Capt. Montgomery regarding Broussard's information on Sgt. Brown.[30] This does not support any claim.

The only factual allegations with regard to Retired Major Head are that 1) he denied Broussard's request to speak with him regarding her transfer;[31] and 2) he discovered there were no citizen complaints in Broussard's personnel file.[32] These do not support any claim.

Finally, the only factual allegations with regard to Lt. Rees are that 1) he orally advised Broussard that she would be receiving a letter of reprimand (but Broussard later asserts Chief Craft signed the letter and Retired Major Head and Capt. Montgomery delivered it);[33] 2) he contacted Broussard and advised her shift was being transferred at the order of Capt.

---

[27]  *Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999).
[28]  *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).
[29]  Defendants urge the Court to review Magistrate Judge Hanna's Report and Recommendations (upheld by the Honorable Judge Haik) in *Marceaux,* 921 F.Supp.2d at 625, wherein Plaintiff's counsel likewise named President Durel and Mr. Domingue as Defendants without any factual basis therefore. This Court dismissed those claims, noting "…no specific allegations are made with regard to Durel," and "…no facts of any kind were alleged" with regard to Mr. Domingue.
[30]  Doc. 1, ¶14.
[31]  Doc. 1, ¶34.
[32]  Doc. 1, ¶47.
[33]  Doc. 1, ¶27-28.

Montgomery;[34] and 3) Broussard obtained access to her personnel file from him.[35] Lt. Rees's alleged role as mere messenger does not support any claim. Hence, Broussard's claims against Retired Major Alfred, Retired Major Head, and Lt. Rees should be dismissed.

### D.   Plaintiff failed to state any claim against Defendants named officially.

"It is [] well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability."[36] Thus, when the municipality is a defendant, claims against specific individuals in their official capacities are redundant and subject to dismissal.[37] Again, Plaintiff's counsel should have been cognizant of this Court's guidance as to same in the *Marceaux* proceedings. Hence, Broussard's claims against President Durel, CAO Stanley, Chief Craft, Retired Major Alfred, Retired Major Head, Capt, Montgomery, and Mr. Domingue, in their official capacities should be dismissed as redundant.

### E.   Plaintiff failed to state a claim against under 42 U.S.C. §1983 for First Amendment violations.

42 U.S.C. §1983 does not create substantive rights.[38] It creates the exclusive claim by which to challenge constitutional violations. Liability is predicated on an underlying constitutional or statutory violation.[39] In order to succeed under the statute, the plaintiff must show that the defendant acted under color of state law to deprive the plaintiff of a constitutional right, through allegations sufficient to satisfy the following three elements: 1) Deprivation of a right secured by federal law; 2) that occurred under color of state law; and 3) was caused by a state actor.[40]

---

[34]   Doc. 1, ¶31.
[35]   Doc. 1, ¶35.
[36]   *Marceaux, supra*, at 623, citing *Howell v. Town of Ball*, 12 WL 3962387, p. 4 (W.D.La – Alexandria 2012).
[37]   *Id*.
[38]   *Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008).
[39]   *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir. 1989).
[40]   *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).

A claim for retaliation for exercising one's right to free speech under the First Amendment requires proof of the following:

1. Plaintiff spoke or petitioned a tribunal on a matter of public concern;
2. Plaintiff suffered an adverse employment action;
3. Plaintiff's interest in speaking or petitioning outweighed the government's interest in promoting efficiency; and
4. Plaintiff's speech motivated the defendant's conduct.[41]

Broussard's claims for violation of the First Amendment fail, because her factual allegations do not support a finding that she spoke out or petitioned on a matter of public concern or that she suffered an adverse employment action.

**_No Public Concern:_** Matters of public concern generally include any matter of political, social, or other concern to the community, or something that is of legitimate news interest.[42] These may include political speech, protest against racial discrimination, speech addressing public safety issues, and speech or judicial testimony concerning official misconduct.[43] To the contrary, an employee's complaints regarding internal personnel disputes or other job complaints are private matters afforded no First Amendment protection.[44] Broussard claims that she was retaliated against for appealing her Letter of Reprimand to the Board and/or for filing her complaint against Sgt. Brown.[45] No allegations suggest that Broussard's alleged speech or petitioning concerned anything other than an internal personnel matter. Thus, she has failed to state a claim for this reason alone.

**_No Adverse Employment Action_**: The requirement that the employee has suffered an adverse employment action is threshold to all claims for retaliation. Typically, an adverse employment action entails an ultimate employment decision, such as hiring, firing, promotion, or

---

[41]  *Harris v. Victoria Indep. School District*, 168 F.3d 216, 220 (5th Cir. 1999); see also *Rathjen v. Litchfield*, 878 F.2d 836, 842 (5th Cir. 1989), addressing the right to petition under the First Amendment, which must also be of public concern.

[42]  *Snyder v. Phelps*, 131 S.Ct. 1207, 1216 (2011).

[43]  *Marceaux*, 921 F.Supp.2d at, and numerous cases cited at fn. 71-78.

[44]  See *Branton v. City of Dallas*, 272 F.3d 730, 739 (5th Cir. 2001).

[45]  Doc. 1, ¶31; 37.

compensation.[46] Although the definition of an adverse employment action may be somewhat broader under §1983 than under Title VII, in order for a transfer to potentially qualify as such under §1983, the transfer must be equivalent to a demotion.[47] A transfer can be considered a demotion only if it is *objectively* worse in prestige, interest, or room for advancement.[48] "To put it somewhat differently, the plaintiff must show that he has suffered some serious, objective, and tangible harm as a result of his transfer."[49] The plaintiff's subjective belief that his transfer was a demotion is insufficient.[50]

Broussard alleges that she was transferred to "straight nights."[51] She has not alleged that her duties, compensation, benefits, or any other working condition changed other than her working hours. Neither has she alleged that the night shift is less prestigious or less interesting or that it precludes opportunity for advancement, either objectively or subjectively. A change in convenience does not suffice to support a claim for constitutional violations.[52] Furthermore, Broussard's conclusory allegation, based on her subjective feelings, that the transfer was a demotion does not suffice. Finally, Broussard alleges Chief Craft *rewarded* her with a letter of commendation for filing the complaint and that she received good evaluations—in direct contradiction to her claim for retaliation.[53] Accordingly, she has not stated a claim for retaliation under §1983 or Title VII and **__all__** claims for constitutional violations should be dismissed.

---

[46] *Watts v. Kroger*, 170 F.3d 505, 512 (5th Cir. 1999).
[47] *Banks v. East Baton Rouge Parish School Board*, 320 F.3d 570, 580 (5th Cir. 2003).
[48] *Sharp v. City of Houston*, 164 F.3d 923, 933 (5th Cir. 1999).
[49] *Serna v. City of San Antonio*, 244 F.3d 479, 483 (5th Cir. 2001).
[50] *Id*.
[51] Doc. 1, ¶31-32.
[52] See e.g. *Hunt v. Rapides Healthcare System, LLC*, 277 F.3d 757, 769 (5th Cir. 2001), citing, *inter alia*, *Benningfield v. City of Houston*, 157 F.3d 369, 377 (5th Cir. 1998). In *Hunt*, the plaintiff was a single parent who could not work nights. The Fifth Circuit held that a change to night shifts alone, without a change in duties, compensation, or benefits, is not an adverse employment action, even if the change is less convenient for one such as a single parent.
[53] Doc. 1, ¶21-22.

**F.  Plaintiff failed to state a claim under §1983 for Fourth Amendment violations.**

In order to state a claim under §1983 for violations of the Fourth Amendment, the plaintiff must allege facts which show a meaningful interference with her possessory interest in her person, house, paper or effects or that the defendant has otherwise unlawfully invaded her privacy.[54] Broussard's Complaint is devoid of any factual basis that any Defendant violated her Fourth Amendment rights. As such, these claims should be dismissed.

**G.  Plaintiff failed to state a claim under §1983 for Fifth Amendment violations.**

Where a plaintiff, such as Broussard, has failed to allege acts by a federal actor, she has failed to state a claim under the Fifth Amendment.[55] Broussard asserts claims against municipal actors employed by LCG, a local municipality, and, hence, her Fifth Amendment claims must be dismissed. In fact, Plaintiff's counsel should voluntarily dismiss such claims, per this Court's guidance in its dismissal of the *Marceaux* plaintiffs' Fifth Amendment claims.[56]

**H.  Plaintiff failed to state a claim under §1983 for Fourteenth Amendment violations.**

Claims under the Fourteenth Amendment should be evaluated under the due process (substantive and procedural) and equal protection clauses. Because Broussard failed to specify which is applicable, Defendants are forced to address all.

***Due Process:*** Any claim for due process violation requires a showing that the plaintiff had a property interest which was arbitrarily terminated (in violation of substantive due process rights)[57] or terminated without a hearing and opportunity to be heard (in violation of procedural

---

[54]  *Soldal v. Cook County, Ill.,* 506 U.S. 56, 62-63 (1992).
[55]  *Marceaux*, 921 F.Supp.2d at 631.
[56]  See *id.* Clearly, no Defendant in this case is a federal actor, yet Plaintiff's counsel asserted Fifth Amendment claims despite this Court's concise analysis, which should have served as adequate instruction.
[57]  *Moulton v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993).

11

due process rights).[58] Absent a property interest, Broussard cannot recover for alleged due process violations. Broussard has not asserted any allegation supporting the conclusion that she had a property interest in her daytime shift.[59] Moreover, transfers are at the pleasure of the Chief, and to require due process for each transfer would be absurd.[60]

**_Equal Protection:_** In order to succeed on a claim for violations of equal protection, Broussard must prove 1) she is a member of a protected class; 2) she was qualified for her position; 3) she suffered an adverse employment action; and 4) she was replaced by one outside the protected class. Defendants concede that Broussard, as a female, is a member of a protected class; however, Broussard has not alleged facts supporting the other elements. As discussed above, she did not suffer an adverse employment action. She claims that she was transferred to "straight nights," but she does not allege she was removed from any position or that anything other than her hours changed. Indeed, her own allegations show that she remained a Resource Officer.[61] Even assuming *arguendo* that a shift change might qualify as a change in position, Broussard did not allege that a man (i.e. one outside the protected class) replaced her in the daytime shift. As such, her claims under the Fourteenth Amendment should be dismissed.

### I.   Plaintiff failed to state a claim under Title VII (42 U.S.C. 2000e) and La. R.S. 23:301 *et seq.*

Title VII (42 U.S.C. 2000e) makes it unlawful for an employer to discriminate against an employee because of her race, color, religion, sex, or national origin. Louisiana likewise outlaws such discrimination through La. R.S. 23:301 *et seq.,* which utilizes the same analysis.[62] That is, the plaintiff must show *prima facie* evidence supporting the elements of an equal protection

---

[58] *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985); *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976).

[59] See e.g. *Jett v. Dallas Ind. School District*, 798 F.2d 748, 754 (5th Cir. 1986); *Cole v. Mammel,* 10 WL 5087817, p.4 (E.D.Tx. – Sherman 2010) citing *Hughes v. City of Garland*, 204 F.3d 223, 226 (5th Cir. 2000) and *Wallace v. Shreve Mem. Library*, 97 F.3d 746, 747 (5th Cir. 1996).

[60] See *Moore v. Otero*, 557 F.2d 435, 437 (5th Cir. 1977).

[61] Rec. 1, ¶32.

[62] *McCoy v. City of Shreveport*, 492 F.3d 551, fn. 4 (5th Cir. 2007).

claim (outlined above).[63] If the plaintiff is successful in that regard, the burden shifts to the defendant to show a non-discriminatory reason for the action.[64] Because Broussard did not assert allegations sufficient to state a *prima facie* claim under the Equal Protection clause of the Fourteenth Amendment (as analyzed above), she has likewise failed to state a claim under Title VII and equivalent Louisiana statutes. These claims should be dismissed.

### J.   Plaintiff failed to state a claim under La. R.S. 23:967 and 30:2027 (Whistleblower statutes).

La. R.S. 23:967 protects employees from reprisal for speaking out about their employer's unlawful practices. The employee must prove an actual violation of the law.[65] Otherwise, the plaintiff's burden of proof is "materially indistinguishable" from the Title VII analysis outlined above.[66] Broussard contends that she filed a complaint against Sgt. Brown and later received a letter of reprimand for conducting an unauthorized investigation and was transferred for appealing to the Board. Broussard's allegations do not show that she ever spoke out about any unlawful practice of her employer, LCG. Rather, her Complaint alleges she spoke out about the alleged unlawful practices of a fellow employee, Sgt. Brown. In other words, as one court put it, LCG was a victim of Sgt. Brown's actions.[67]

La. R.S. 30:2027 protects employees from reprisal for speaking out about their employer's violation of environmental laws. Broussard's complaint is blatantly devoid of any factual allegation which comports with this statute. Hence, her claims under the Louisiana Whistleblower statutes should be dismissed.

---

[63]   *Id.*
[64]   *Id.*
[65]   *Genella v. Renaissance Media*, 115 Fed.Appx 650, 652 (5th Cir. 2004).
[66]   *Strong v. University Healthcare System LLC*, 482 F.3d 802, fn. 1 (5th Cir. 2007).
[67]   *Genella, supra.*

**K.** <u>**Plaintiff failed to state a claim under Louisiana Civil Code art. 2315 and**</u>
<u>**2317.**</u>

This Court in *Marceaux* set forth the following "black letter law" and analysis regarding the

officers' negligence claims against LCG and fellow officers:

> Article 2315 is the seminal statute for Louisiana tort law. Article 2317
> modifies Article 2315 by expressly making employers liable for the torts of their
> employees. Under the Louisiana Workers' Compensation Act, La. R.S. 23:1032,
> however, an employee injured while in the course and scope of his employment is
> generally limited to the recovery of workers' compensation benefits as his
> exclusive remedy against his employer and may not sue his employer in tort. The
> workers' compensation statute represents a compromise by which the employer
> and employee both surrender valuable rights, with the employee agreeing to
> accept the certainty of workers' compensation benefits as his exclusive remedy in
> exchange for surrendering his right to seek tort recovery from his employer. This
> principle also immunizes employees against negligence claims by their co-
> workers.

> At the hearing, counsel for the defendants stated that Lafayette police
> officers are covered under the state worker's compensation scheme. The
> jurisprudence confirms this fact. Accordingly, the plaintiffs in this lawsuit are
> statutorily barred from suing their employer, Lafayette Consolidated City–Parish
> Government, or their co-employees, the remaining defendants named in the
> complaint, for their alleged state-law negligence unless the factual allegations of
> their complaint establish that they can rely on the intentional tort exclusion.

> The only exception to the exclusivity rule is that an employee may sue his
> employer to recover for intentionally inflicted injuries. In all other respects, as
> expressly stated in the pertinent statute, "[t]his exclusive remedy is exclusive of
> *all* claims...." Although the plaintiffs contend that they are entitled to recover for
> "intentional negligence," their complaint contains no factual allegations
> supporting any intentional tort claims.[68]

Despite the foregoing guidance to Broussard's counsel regarding Lafayette Police

Officers' tort claims against LCG/LPD and fellow officers, Broussard's counsel assert the same

exact claims and fail to set forth any factual allegation supporting any claim for intentional torts.

These claims should therefore be dismissed.

---

[68]   *Marceaux*, 921 F.Supp.2d at 644-45. (Citations omitted.)

14

### L.  <u>Plaintiff failed to state a claim for punitive damages.</u>

Plaintiffs do not have a claim for punitive damages against municipalities or their officials.[69] Neither can claims for punitive damages lie against officers in their individual capacities under Title VII.[70] Yet, Broussard's Complaint seeks punitive damages against LCG and its officials. Thus, Broussard's claims for same should be dismissed, with prejudice.

---

[69]   See *Lawrence v. Morris*, 10 WL 572736 (W.D. La.–Lafayette 2010).

[70]   *Givs v. City of Eunice*, 06 WL 1831528, p.2 (W.D.La. 2006), citing *Huckabee v. Moore*, 142 F.3d 233 (5th Cir. 1998).

## IV.   ALTERNATIVE MOTION FOR SUMMARY JUDGMENT UNDER RULE 56 LAW & ARGUMENT

Defendants also move, in the alternative, for dismissal of Broussard's claims pursuant to F.R.C.P. Rule 56, which may be urged at any time until 30 days after the close of discovery.[71] Summary judgment is appropriate in the absence of disputed material facts and the mover is entitled to judgment as a matter of law.[72] Because Defendants are entitled to qualified immunity, the Court should not provide Broussard the opportunity to amend, which it might otherwise be inclined to permit, and should dismiss her claims, with prejudice.

### A.   The Sacred Principle of Qualified Immunity

Qualified immunity is an affirmative defense assertable by local government officials sued individually in their personal capacities. An individual defendant is entitled to qualified immunity if his actions were objectively reasonable in light of clearly established law.[73] Once the defendant has raised qualified immunity as a defense, it is the plaintiff's burden to rebut it with facts sufficient to show: 1) the defendant violated the plaintiff's constitutional rights; and 2) the violation was objectively unreasonable.[74] Plaintiffs cannot overcome the qualified immunity defense by asserting defendant's malice.[75] The standard is "objectively reasonable." If an individual defendant gets qualified immunity, independent claims against the municipal employer should also fail.[76]

### B.   Defendants are entitled to Qualified Immunity.

As a threshold requirement, Broussard must show that Defendants violated her constitutional rights. As analyzed *ad nauseam* above, Broussard did not allege facts sufficient to show any constitutional violation. Even if the Court would consider allowing her to amend her

---

[71]   F.R.C.P. Rule 56(b).
[72]   F.R.C.P. Rule 56; *Williams v. North American Van Lines of Texas, Inc.*, 731 F.3d 367, 369 (5th Cir. 2013).
[73]   *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982).
[74]   *Bolton v. City of Dallas*, 472 F.3d 261, 265 (5th Cir. 2006).
[75]   *Anderson v. Creighton*, 483 U.S. 635, fn. 12 (1987).
[76]   *Cantu v. Rocha*, 77 F.3d 795, 807 (5th Cir. 1996).

Complaint to attempt to allege constitutional violations, Defendants' conduct has been absolutely and objectively reasonable, such that any such opportunity would be fruitless.

Broussard claims that she was transferred to "straight nights" because she appealed her Letter of Reprimand and/or filed a complaint against Sgt. Brown. To the contrary, Broussard was transferred to a different shift so that she would no longer be working with Sgt. Brown, an understandable move given the history of counter-complaints between the two. Moreover, Broussard's direct supervisor, Defendant Capt. Montgomery had issues with Broussard and no longer trusted her. (Exhibit C—Affidavit of Terry Head; Exhibit D—Affidavit of Chief James "Jim" Craft.)

Significantly, contrary to Broussard's assertions, her supervisors, including Chief Craft, were aware of Broussard's plight as a single mother caring for her ADHD son. In fact, they intended to move her back to a day time shift as soon as a position became available, even ahead of others who had already requested the consideration. (Exhibit D—Affidavit of Chief James "Jim" Craft). In fact, Broussard was indeed transferred to Precinct 2, Shift A (a day shift) once the position became available on August 18, 2013, **approximately two months before she filed this lawsuit**. (Exhibit D—Affidavit of Chief Craft).

## V.      CONCLUSION

> To this end, the Government, as an employer, must have wide discretion and control over the management of its personnel and internal affairs.  This includes the prerogative to remove employees whose conduct hinders efficient operation and to do so with dispatch. Prolonged retention of a disruptive or otherwise unsatisfactory employee can adversely affect discipline and morale in the work place, foster disharmony, and ultimately impair the efficiency of an office or agency.[77]

As public employees have certain rights in their positions, the Chief of Police has a right to run the Police Department in the manner he deems most efficient for citizens and taxpayers. If

---

[77] *Connick v. Myers*, 461 U.S. 138, 151 (1983), quoting *Arnett v. Kennedy*, 416 U.S. 134, 168 (1974).

that means transferring officers to prevent drama in the Department which would be disruptive to the Department's operation or to protect the public and other officers, the Chief may do so, even if it inconveniences some officers. Stripped of its colorful allegations and claims which have no legal or factual support, Broussard's Complaint is nothing more than an attempt at monetary recovery for having been transferred to the night shift for a short period of time until another day position—away from Sgt. Brown—became available. According to her allegations, during that time, nothing changed other than her hours. To allow Broussard to maintain such a claim is to subject the City and its taxpayers to unwarranted time and expense to fight a claim which, as set forth in detail herein, has no merit. Indeed, Lafayette taxpayers have already been forced to pay for the City's defense of claims which Plaintiff's counsel knew better than to assert, having already been instructed by this Court on such claims in the *Marceaux* proceedings. All things considered, Broussard's claims should be dismissed, with prejudice.

RESPECTFULLY SUBMITTED:

**BRINEY FORET CORRY**

By: s/Michael P. Corry
  MICHAEL P. CORRY – 20764
  HALLIE P. COREIL – 33784
  413 Travis Street, Suite 200
  Post Office Drawer 51367
  Lafayette, Louisiana 70505-1367
  Telephone:  (337) 237-4070
  Facsimile:  (337) 233-8719
ATTORNEYS FOR DEFENDANTS, LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; LAFAYETTE POLICE DEPARTMENT; LESTER JOSEPH "JOEY" DUREL, JR.; DEE EDWARD STANLEY; JAMES P. "JIM" CRAFT; GEORGE "JACKIE" ALFRED; CAPTAIN CORNELL MONTGOMERY; MAJOR TERRY HEAD; AND RAYMOND DOMINGUE.

**_CERTIFICATE OF SERVICE_**

This is to certify that on 5th day of April, 2014, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

springlaw@gmail.com

chris@jcalaw.us

jboudreaux@gibsongruenert.com

pgibson@gibsongruenert.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant or pro se defendant:

**None.**

s/Michael P. Corry
MICHAEL P. CORRY – 20764