UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

DANA L. BROUSSARD                    CIVIL ACTION NO. 6:13-cv-2872

VERSUS                               JUDGE DOHERTY

LAFAYETTE CONSOLIDATED               MAGISTRATE JUDGE HANNA
GOVERNMENT, ET AL

## REPORT  AND  RECOMMENDATION

Currently pending before the Court are the defendants' motions to tax costs and for attorney fees [Rec. Docs. 40, 42], which motions were referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C.§636 and the standing orders of this Court.  The motions are opposed. [Rec. Docs. 45-46].  Oral argument was heard on the motions on January 27, 2015.  For the following reasons, it is recommended that the motions be granted in part and denied in part.[1]

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Cpl. Dana L. Broussard brought claims under 42 U.S.C. §§1983 and 1988, Title VII, and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution in a complaint for money damages.  Louisiana state law claims

---

[1]A Motion for Sanctions by the defendants has also been referred to the undersigned and remains pending.

were also asserted. [Rec. Doc. 1]. Named as defendants were Lafayette City-Parish Consolidated Government; Lafayette Police Department through the Lafayette City-Parish Consolidated Government; Lester Joseph "Joey" Durel, Jr. in his capacity as President of the Lafayette City-Parish Consolidated Government; Dee Edward Stanley, individually and in his capacity as Chief Administrative Officer of the Lafayette City-Parish Consolidated Government; James P. "Jim" Craft, individually and in his capacity as Chief of the Lafayette Police Department; George "Jackie" Alfred, individually and in his capacity as Patrol Division Commander of the Lafayette Police Department; Captain Cornell Montgomery, individually and in his capacity as a Captain in the Lafayette Police Department; Major Terry Head, individually and in his capacity as a Major in the Lafayette Police Department; Lieutenant Richard "Ricky" Rees, individually and in his capacity as a Lieutenant in the Lafayette Police Department; Sergeant Mike Brown, individually and in his capacity as a Sergeant in the Lafayette Police Department; and, Ray Domingue, individually and in his capacity as Human Resources Manager of the Lafayette City-Parish Consolidated Government. [Rec. Doc. 1, pp. 1-9].

On April 4, 2014, the defendants filed Motions to Dismiss pursuant to Rule 12(b)(5) and 12(b)(6) and Alternatively for Summary Judgment. [Rec. Docs. 6, 7].[2] In a Report and Recommendation on August 12, 2014, considering only the Rule 12(b)(6) motions, it was the recommendation of the undersigned that all of the plaintiff's claims based on the Fourth, Fifth, and Fourteenth Amendments be dismissed. It was also recommended that Plaintiff's §1983 claims against Defendants Durel, Stanley, Craft, Domingue, Alfred, Montgomery, Head, Rees and Brown, in their official capacities be dismissed based on redundancy and that the claims against the Lafayette City Police Department be dismissed based on the fact that the department lacks the legal capacity to be sued. The §1983 individual capacity claims against Defendants Durel, Stanley, Alfred, Head, Rees, and Domingue were recommended for dismissal as well.  Plaintiff's Title VII claims were recommended for dismissal, along with the remaining state law claims asserted in the Complaint, and the undersigned recommended dismissal of Plaintiff's claims of entitlement to recovery of punitive damages against the municipal defendant.   With those recommendations, the undersigned proposed that Dana Broussard's claims would be reduced  to §1983 claims  for compensatory damages against the Lafayette City-

---

[2]Brown has separate counsel and has filed separate motions. The scope of the motions is essentially the same, with  Brown adopting the arguments advanced by the other defendants.

Parish Consolidated Government, and individual capacity claims for compensatory and punitive damages against Chief Craft, Cornell Montgomery and Mike Brown based on alleged violations of Plaintiff's First Amendment free speech rights which resulted in adverse employment actions. [Rec. Doc. 31].  Without objection, the district court adopted the report and recommendation as its judgment. [Rec. Doc. 32].

The undersigned was subsequently charged to address the remaining claims of the plaintiff in the context of the defendants' alternative summary judgment motions and the assertion of the qualified immunity defense.  The alternative motions provided evidence from which the validity of the claims against the remaining officer defendants and the municipal entity could be determined, and, on the more expanded consideration of the record allowed by the summary judgment rules, it was the recommendation of the undersigned that the alternative motions for summary judgment be granted and that the remainder of the plaintiff's claims be dismissed with prejudice.  Objections were lodged by the plaintiff, to which the defendants responded, and on December 3, 2014, the district court adopted the report and recommendation as its judgment. [Rec. Doc. 39].  These motions followed.

### THE APPLICABLE LEGAL STANDARDS AND DISCUSSION

In the motions before the court, Defendants seek to recover their reasonable costs and attorney's fees as prevailing party defendants.

-4-

With regard to costs, the  defendants seek recovery of copying, printing, and filing costs incurred in defense of this case pursuant to provisions of Fed. R. C. P. 54 and 28 U.S.C. §1920.  Defendant Brown seeks recovery of $110.40 and the other defendants collectively seek $115.75.  These costs are allowed to the prevailing party pursuant to Fed. R. C. P. 54(d), which provides that costs other than attorney's fees should be allowed to the prevailing party.  In the context of Rule 54, a prevailing defendant is one who defeats the litigation and obtains a denial of relief. *See Power Mosfet Technologies, L.L.C. v. Siemens AG*, 378 F.3d 1396 (Fed.Cir.2004) (prevailing party is one who "wins completely on every claim at issue", and thus party who "had all claims against it dismissed with prejudice" so qualifies).

It is uncontested that the defendants are prevailing parties, and the plaintiff has acknowledged that the costs described by the defendants "appear to be allowed unto Defendants by 28 U.S.C. 1920(3), (5)." [Rec. Doc. 45, p. 15-16].  The undersigned agrees.  Thus, it is the recommendation of the undersigned that the motions be granted as to the petition for costs other than attorney's fees as itemized by the moving parties.

The defendants also seek to recover attorney fees as the prevailing parties pursuant to 42 U.S.C.§1988  and/or 28 U.S.C. §1927[3].  Brown seeks recovery of $11,055.00, and the other defendants collectively seek to recover $10,178.00.  In an action to enforce a provision of §1983, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. 42 U.S.C. §1988.  In an action to recover under Title VII[4], "the court, in its discretion, may allow the prevailing party...a reasonable attorney's fee." 42 U.S.C. 2000e-5(k).  The analysis for attorney's fees is the same for both §1983 and Title VII actions. *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40(1983).

The first step in determining whether attorney fees may properly be awarded is to identify the party seeking the fees as plaintiff or defendant.  Plaintiffs prevailing under §1988 are entitled to attorney's fees "unless special circumstances would render an award unjust." *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991).  Prevailing defendants, however, are entitled to attorney fees only when a plaintiff's  underlying claim is frivolous, unreasonable, or groundless. *See Merced*

---

[3]Provisions of 28 U.S.C. §1927 allow for the court to require an attorney who unreasonably and vexatiously multiplies the proceedings in any case to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

[4]Among the claims brought by Plaintiff against Defendants and dismissed by way of the Rule 12(b)(6) motion was a Title VII claim.

*v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 964, 966, 19 L.Ed.2d 1263(1968).  In *United States v. Mississippi*, the Fifth Circuit outlined three factors a district court should consider in determining whether a suit is frivolous, declaring that the district court should consider whether (1) the plaintiffs established a *prima facie* case, (2) the defendant offered to settle, and (3) the court dismissed the case or held a full trial. *United States v. Mississippi* 921 F.2d at 609.  In *Walker v. City of Bogalusa*, 168 F.3d 237, 240(5th Cir. 1999), the Fifth Circuit clarified that an action is considered frivolous "if it is 'so lacking in arguable merit as to be groundless or without foundation....'"

The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Hughes v. Rowe*, 449 U.S. 5, 15 (1980). In making its determination, the court must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Offord v.Parker*, 456 F. App'x 472, 474 (5th Cir. 2012) (*quoting Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978)).  "Instead, a court must ask whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Id.*

In making the recommendations relative to the defendants' Rule 12(b)(6) motion, it  was the finding of the undersigned and ultimately the district judge that the plaintiff had failed to make out legally cognizable §1983 claims, plausible on the face of the pleadings, predicated on violations of the Fourth, Fifth, and Fourteenth Amendments.  A similar finding was made with regard to the plaintiff's Title VII claim.  Other claims were recommended for dismissal based on the finding(s) that those claims were redundant,  or lacked factual bases, or had no legal basis of whatsoever kind.  For the reasons set out in the Report and Recommendation, later conformed to Judgment without objection from Plaintiff, some of those claims could be classified as frivolous, unreasonable or groundless by the standard set out above.  However, not all of Plaintiff's claims were so characterized, and some survived the Rule 12(b)(6) analysis.  Therefore, the undersigned cannot find that all of Plaintiff's claims were frivolous, unreasonable or groundless at their inception.  The Court did find Plaintiff's factual allegations of adverse employment action in the context of her First Amendment claims warranted consideration in light of Supreme Court cases addressing the issue in the context of Title VII claims.  Although the Court ultimately determined that plaintiff's remaining allegations did not rise to the level of First Amendment constitutional violations, and even though the plaintiff's surviving §1983 claims were ultimately denied and dismissed by summary judgment, both the

-8-

undersigned and the district judge considered the arguments and the evidence put forth by the parties addressing those claims before determining that the plaintiff's remaining claims were legally insufficient to require a trial on the merits.  On this record, the plaintiff's claims which survived the Rule 12(b)(6) analysis cannot be considered frivolous or unreasonable.

At oral argument, since it was not addressed in brief, the parties addressed the question whether §1988 would apply in a case of partial dismissal, where a defendant prevailed on some, but not all of the claims presented, and those that it did prevail on could be considered frivolous.  In *Fox v. Vice*, ___ U.S. ___, 131 S. Ct. 2205 (2011), the Court held that if a suit involves both frivolous and non-frivolous claims, a court may grant reasonable fees to the prevailing defendant under §1988, but only for costs that the defendant would not have incurred but for the frivolous claims. *Id*. at 2216. *Fox* confirms that a defendant may receive reasonable fees for work related exclusively to a frivolous claim, that is reasonable fees "incurred because of, but only because of, a frivolous claim." *Id*. at 2215.  If the defendant would have incurred those fees anyway, to defend against non-frivolous claims, then a court has no basis for transferring the expense to the plaintiff. *Id.*

In the instant case, the efforts of defense counsel are not detailed toward particular claims in the affidavits presented. [Rec. Docs. 40-2, 42-2]. Furhter, the

effort of defense counsel which resulted in the eventual dismissal of Plaintiff's case was presented in a single brief per party, including combined arguments on all claims, based on both Rule 12(b)(6) and the alternative motions for summary judgment. All court appearances by the parties addressed all claims. Thus, even if the court were inclined to exercise its broad discretion to award §1988 fees, it could not be done according to the standard set out in *Fox* based on the evidence presented.

Additionally, while the Court has found that some of Plaintiff's claims asserted in the Complaint are frivolous, the Court has not rejected as frivolous  the factual allegations made by Dana Broussard regarding her workplace experiences made the subject of this lawsuit.  Rather, as the record demonstrates, the Court found that Plaintiff's legitimate factual allegations were construed by her attorneys into legal claims found to be frivolous, groundless and unreasonable.  Section 1988 does not authorize the award of attorney's fees against a plaintiff's attorney.  In the instant case, it would be unfair to penalize Plaintiff for the decisions of her attorneys, and the undersigned declines to do so.  Those issues can and should be addressed in the pending Motions for Sanctions whether under Fed R. Civ. P. 11 or 28 U.S.C. §1927.

In sum, it is the finding of the undersigned that the prevailing defendants have not established that they are entitled to a reimbursement from the plaintiff of the attorneys' fees incurred in defending against the plaintiff's claims pursuant to

provisions of 42 U.S.C. §1988, and it is the recommendation of the undersigned that the court exercise its broad discretion to deny the motions as to the attorney fee issue. Regarding the passing references by the defendants to the taxation of attorney fees against the plaintiff's counsel under provisions of 28 U.S.C. §1927 in this motion, the Court will pretermit discussion of this to the Court's consideration of the pending sanctions motion.

## *Conclusions and Recommendations*

For the reasons set out above, it is the recommendation of the undersigned that the defendants' motions  to tax costs and for attorney fees [Rec. Docs. 40, 42] be GRANTED in part and DENIED in part.  The motions should be granted relative to the defendants' motion to tax costs in the amounts referenced in the record and herein.  The motions should be denied relative to the defendants' effort to recover attorney's fees from Plaintiff pursuant to §1988 as prevailing party defendants.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

-11-

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana this 29th day of January, 2015.


_____
Patrick J. Hanna
United States Magistrate Judge


COPY SENT:

DATE: ____1/29/2015____
BY: _____EFA_____
TO: _____RFD_____
cg